IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| ZYAUDDIN ABDULLAH, | : CASE NO. 18-11246-WHD |
| Debtor. | |
| THE CREDIT UNION LOAN SOURCE, LLC., | |
| Movant, | |
| v. | : CONTESTED MATTER |
| ZYAUDDIN ABDULLAH, Debtor; and MELISSA J. DAVEY, Trustee, | |
| Respondents. | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW The Credit Union Loan Source, LLC. (the "Movant"), a creditor of the referenced Debtor, and hereby moves this Court to deny confirmation of Debtor's Chapter 13 Plan. In support of its objection, the Movant shows the Court as follows:

1.

On June 15, 2018, Zyauddin Abdullah ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Section 1301 et seq., and said case is presently pending before this Court.

2.

Movant has a net claim in this case in the approximate amount of $15,768.83 secured by a 2015 Chevrolet Sonic (the "Collateral").

3.

Debtor's Chapter 13 Plan proposes to pay Movant's secured claim of $15,768.83 at $8,550.00 at 5.75%, with $41.00 payments per month in pre-confirmation adequate protection and $41.00 per month post-confirmation payments until October 2020, when payments will increase to $259.00.

4.

Movant objects to the treatment of its claim in the proposed plan. Movant should receive no less than retail value. The base NADA value of the Collateral during the month of filing was $9,475.00. See attached a copy of the referenced NADA value. After including the $325.00 value for a claimed 41,800 miles, the value increases to $9,800.00.

Movant also recovered the Collateral pre-petition due to nonpayment on the account, and upon filing of this instant case, the vehicle was returned to Debtor. Debtor made no attempts to work out their obligation on this debt, forcing Movant to incur unnecessary expense to recover the vehicle. As a result, Movant should be entitled to the costs of recovering and holding the Collateral in the amount of $820.00 as part of the value of the Collateral. The plan must be amended to pay Movant the appropriate value of $10,620.00, and evidence supporting any claimed deductions must be provided in order for the value to reflect said deductions.

5.

Debtor's proposed interest rate of only 5.75% is not *Till* compliant. It provides a risk factor of only 0.75% over *prime* rate. The prime rate of interest was 5.00% the month this case was filed. *Till* suggests the appropriate risk factor in this case to be 9.00%. Accordingly, the plan cannot be confirmed without an interest rate of at least 9.00%.

6.

The Collateral is depreciating through use and over time and the Debtor is not adequately protecting Movant's interest in the Collateral. Debtor is not proposing an appropriate pre-confirmation adequate protection payments in violation of 11 U.S.C. Section 1326(a)(1)(C).

Debtor's plan proposes to pay $41.00 each month to Movant until October 2020. During this time, Debtor's counsel is set to receive $218.00 each month. This is bad faith in violation of 11 U.S.C. §1325(a)(3). Movant should receive no less than $135.00 per month for pre- and post-confirmation payments prior to the step increase.

Any increase in pre-confirmation adequate protection payments prior to Confirmation must be retroactive to the filing date to pay Movant the correct amount of adequate protection (i.e., a lump sum amount sufficient to compensate for the difference in adequate protection previously disbursed by the Trustee and the amount to which Movant is entitled).

7.

This case may not be feasible in contravention of 11 U.S.C. §1325(a)(6). Debtor bears the burden of proving all elements of confirmation, including the feasibility of this case and should be required to produce documents to support all income and expenses listed on Schedules I and J.

8.

The specific terms of the proposed plan itself are not proposed in good faith in violation of 11 U.S.C. §1325(a)(3).

9.

Movant has no proof of full coverage insurance on the Collateral and is therefore not adequately protected.

WHEREFORE, the Movant prays that its Objection to Confirmation of Chapter 13 Plan be inquired into and sustained and that it has such other and further relief as this Court deems just and proper.

This July 2, 2018.

                            The Law Office of
                            LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                            Attorneys for Movant


                            By:  <u>/s/Philip L. Rubin</u>
                                  Philip L. Rubin
                                  Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com



7/2/2018

**NADA Used Cars/Trucks**

## Vehicle Information

| | |
|---|---|
| Vehicle: | 2015 Chevrolet Sonic Sedan 4D LT 1.8L I4 Auto |
| Region: | Southeastern |
| Period: | June 15, 2018 |
| VIN: | 1G1JC5SH0F4171966 |
| Mileage: | 41,800 |
| Base MSRP: | $15,780 |
| Typically Equipped MSRP: | $18,070 |
| Weight: | 2,745 |



## NADA Used Cars/Trucks Values

| Auction* | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Low | $4,100 | $342 | N/A | **$4,442** |
| Average | $6,300 | $342 | N/A | **$6,642** |
| High | $8,525 | $342 | N/A | **$8,867** |
| Trade-In | | | | |
| Rough | $5,450 | $325 | N/A | **$5,775** |
| Average | $6,400 | $325 | N/A | **$6,725** |
| Clean | $7,150 | $325 | N/A | **$7,475** |
| | | | | |
| Clean Loan | $6,450 | $325 | N/A | **$6,775** |
| Clean Retail | $9,475 | $325 | N/A | **$9,800** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Aluminum/Alloy Wheels | w/body | w/body |

NADA Used Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power and Associates.
©2018 J.D. Power and Associates

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| ZYAUDDIN ABDULLAH | : CASE NO. 18-11246-WHD |
| Debtor. | : |
| _____ | : |
| THE CREDIT UNION LOAN SOURCE, LLC., | : |
| Movant, | : |
| | : CONTESTED MATTER |
| v. | : |
| ZYAUDDIN ABDULLAH, Debtor; and MELISSA J. DAVEY, Trustee, | : |
| Respondents. | : |

## CERTIFICATE OF SERVICE

The undersigned, Philip L. Rubin, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN on the following parties 1) electronically, if allowed by and pursuant to the requirements of local rule, or 2) by depositing same in the United States Mail in properly addressed envelope(s) with adequate postage to all others, as follows:

Zyauddin Abdullah
P. O Box 603
Newnan, GA 30264

Olivia R. Mooney
The Semrad Law Firm, LLC
303 Perimeter Center North, 201
Atlanta, GA 30346

Melissa J. Davey
Chapter 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

    This July 2, 2018.

        The Law Office of
        LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
        Attorneys for Movant

        By: /s/Philip L. Rubin
            Philip L. Rubin
            Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com